ROBERT L. BLAND, Judge,
dissenting.
I am not in agreement with my colleagues in the determination which they have made in the above two claims.
Claimant Arnold P. Webb asserts a claim in the amount of $75.00 and the Insurance Company claims the right to have an award in its favor by way of subrogation for the sum of $220.90. These respective claims are concurred in by the head of the agency concerned. The attorney general approved both *118 claims. The determination is made alone in favor of the Insurance Company for $295.90. I do not perceive anything in the record warranting such determination and therefore do not comprehend the reasoning of majority members. However, on the theory of subrogation I do not think the award to be proper. It is not a case in which the doctrine of subrogation may be properly invoked. The award is contrary to the express prohibition of a grant of the credit of the state, found in section 6, article 10 of the state constitution, which reads as follows:
“The credit of the State shall not be granted to, or in aid of any county, city, township, corporation or person; nor shall the State ever assume, or become responsible for the debts or liabilities of any county, city, township, corporation or person; ...”
I am persuaded that under the principles announced in'the recent West Virginia Supreme Court case of State ex rel. Baltimore & Ohio Railroad Company v. Sims, Auditor, reported in 53 S. E. (2d) 505, there could be no valid appropriation of the public funds in satisfaction of the award made in the instant case.